IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

CASE NO: 2:19-cv-00486-SPC-MRM

HILERMISE ENOCK,

    Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION, LLC and VERIZON
WIRELESS SERVICES LLC,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Verizon Wireless Services, LLC ("Defendant") files its Answer and Defenses to Plaintiff's Complaint as follows:

### Introduction

1. In response to paragraph 1, Defendant admits that this purports to be an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (FCRA) but denies that Defendant is liable to Plaintiff for any amounts whatsoever.

2. In response to paragraph 2, the FCRA speaks for itself. Defendant further states that paragraph 2 contains no allegations with respect to Defendant. To the extent that anything in paragraph 2 may be construed as an allegation against Defendant, denied.

3. In response to paragraph 3, the FCRA speaks for itself. Defendant further states that paragraph 3 contains no allegations with respect to Defendant. To the extent that anything in paragraph 3 may be construed as an allegation against Defendant, denied.

4. In response to paragraph 4, the statements from the Consumer Financial Protection Bureau speak for themselves. Defendant further states that paragraph 4 contains no allegations with respect to Defendant. To the extent that anything in paragraph 4 may be construed as an allegation against Defendant, denied.

5. In response to paragraph 5, denied.

## Jurisdiction, Venue and Parties

6. In response to paragraph 6, admitted for purposes of subject-matter jurisdiction only.

7. In response to paragraph 7, denied that this suit arises out of Verizon Wireless Services LLC's contacts with Plaintiff in Florida.

8. In response to paragraph 8, denied that this suit arises out of Verizon Wireless Services LLC's contacts with Plaintiff in Collier County, Florida.

9. In response to paragraph 9, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

10. In response to paragraph 10, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

11. In response to paragraph 11, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

12. In response to paragraph 12, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

13. In response to paragraph 13, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

14. In response to paragraph 14, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

15.     In response to paragraph 15, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

16.     In response to paragraph 16, admitted that Verizon Wireless Services, LLC is a foreign limited liability company based on New Jersey, that it is authorized to conduct business in the State of Florida, and that it maintains a registered agent in Florida as alleged; the remainder of the allegations in paragraph 16 are denied.

## GENERAL ALLEGATIONS

17.     In response to paragraph 17, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

18.     In response to paragraph 18, denied that Verizon Wireless Services LLC reported any past due amounts for an account with Plaintiff to Trans Union.

19.     In response to paragraph 19, admitted.

20.     In response to paragraph 20, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

21.     In response to paragraph 21, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

22.     In response to paragraph 22, denied.

23.     In response to paragraph 23, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

24.     In response to paragraph 24, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

25.     In response to paragraph 25, denied that Verizon Wireless Services LLC reported or continues to report any past due amounts for an account with Plaintiff.

26. In response to paragraph 26, admitted on the basis that that Verizon Wireless Services LLC has not reported any past due amounts for an account with Plaintiff.

27. In response to paragraph 27, denied.

28. In response to paragraph 28, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

29. In response to paragraph 29, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

30. In response to paragraph 30, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

31. In response to paragraph 31, denied.

32. In response to paragraph 32, denied

33. In response to paragraph 33, denied

34. In response to paragraph 34, denied.

## COUNT I
### Violation of the FCRA § 1681s-2(n) by Defendant Verizon

35. In response to paragraph 35, Defendant incorporates its responses to paragraphs 1 through 34 as if fully set forth herein.

36. In response to paragraph 36, denied that Verizon Wireless Services LLC reported or continues to report any past due amounts for an account with Plaintiff.

37. In response to paragraph 37, denied.

38. In response to paragraph 38, denied.

39. In response to paragraph 39, denied.

40. In response to paragraph 40, denied.

41. In response to paragraph 41, denied that Verizon Wireless Services LLC reported or continues to report any past due amounts for an account with Plaintiff.

42. In response to paragraph 42, denied.

43. In response to paragraph 43, denied.

## COUNT II
### Violation of the FCRA § 1681i(a) by Defendant TransUnion

44. In response to paragraph 44, Defendant incorporates its responses to paragraphs 1 through 34 as if fully set forth herein.

45. In response to paragraph 45, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

46. In response to paragraph 46, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

47. In response to paragraph 47, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

48. In response to paragraph 48, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

49. In response to paragraph 49, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is

without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

50. In response to paragraph 50, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

51. In response to paragraph 51, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

## COUNT III
### Violation of the FCRA § 1681c(b) by Defendant TransUnion

52. In response to paragraph 52, Defendant incorporates its responses to paragraphs 1 through 34 as if fully set forth herein.

53. In response to paragraph 53, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

54. In response to paragraph 54, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

55. In response to paragraph 55, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is

without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

56. In response to paragraph 56, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

57. In response to paragraph 57, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

## COUNT IV
### Violation of the FCRA § 1681i(a) by Defendant Experian

58. In response to paragraph 58, Defendant incorporates its responses to paragraphs 1 through 34 as if fully set forth herein.

59. In response to paragraph 59, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

60. In response to paragraph 60, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

61. In response to paragraph 61, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is

without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

62. In response to paragraph 62, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

63. In response to paragraph 63, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

64. In response to paragraph 64, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

65. In response to paragraph 65, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

## COUNT V
### Violation of the FCRA § 1681c(b) by Defendant Experian

66. In response to paragraph 66, Defendant incorporates its responses to paragraphs 1 through 34 as if fully set forth herein.

67. In response to paragraph 67, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is

without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

68. In response to paragraph 68, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

69. In response to paragraph 69, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

70. In response to paragraph 70, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

71. In response to paragraph 71, this allegation not directed toward Defendant; therefore, no response is required. To the extent that a response is required, Defendant is without sufficient information to form a belief as to the truth of the allegations and therefore denies them.

## General Denial

72. Any allegation not expressly admitted above is denied.

## AFFIRMATIVE DEFENSES

73. As its first affirmative defense, Defendant alleges that this action is subject to arbitration pursuant to the Verizon Wireless customer agreement terms of service and the Federal

Arbitration Act. Defendant does not waive the requirement to arbitrate this dispute. As a result, this Complaint should be dismissed or stayed pending arbitration.

74. As its second affirmative defense, Defendant alleges that Plaintiff is barred from recovery against Defendant under the FCRA to the extent that any alleged violations or damage sustained were legally and proximately caused by persons or entities other than Defendant or for whom Defendant is not responsible or liable.

75. As its third affirmative defense, Defendant alleges that some or all of Plaintiff's claims against Defendant are barred by the applicable statute of limitation.

76. As its fourth affirmative defense, Defendant alleges that Plaintiff is precluded from recovering against Defendant for a willful and knowing violation of the FCRA because any such violation (which Defendant denies occurred) was not willful or knowing.

77. As its fifth affirmative defense, Defendant alleges that Defendant has complied with the Fair Credit Reporting Act, including conducting a reasonable investigation into any dispute by Plaintiff of her credit report, and is entitled to each and every defense stated in the Act and all and all limitations of liability.

78. As its sixth affirmative defense, Defendant alleges that Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

79. As its seventh affirmative defense, Defendant alleges that Plaintiff has failed to her mitigate damages, if any.

## RIGHT TO ALLEGE FURTHER DEFENSES

Defendant reserves the right to assert any and all other affirmative defenses that become known through the course of discovery and investigation in this case.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award attorneys' fees and costs under

Section 1681n or 1681o of the FCRA, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated: September 9, 2019             Respectfully submitted,

/s/ Robert J. Alwine
Robert J. Alwine, Esq. (Fla. Bar No. 0404179)
robert@robertalwine.com
ROBERT JOSEPH ALWINE, P.A.
240 Crandon Boulevard, Suite 263
Key Biscayne, Florida 33149
Tel: (305) 965-0813

*Counsel for Verizon Wireless Services LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY hereby certify that on September 9, 2019, the foregoing document was delivered by method indicated and to those counsel listed on the attached service list.

                                            /s/ Robert J. Alwine
                                            Robert J. Alwine

## SERVICE LIST

**Joshua Kersey, Esq.**
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

*Attorneys for Plaintiff*

[Via CM/ECF]