# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| HILERMISE ENOCK,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and VERIZON WIRELESS PERSONAL COMMUNICATIONS, LP d/b/a VERIZON WIRELESS,<br><br>Defendants. | Civil Action No.: 2:19-CV-00486-SPC-MRM |

### PARTIES' AGREED MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES

Plaintiff Hilermise Enock ("Plaintiff"), and Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("TU"), and Verizon Wireless Personal Communications, LP dba Verizon Wireless ("Verizon") (collectively, the "Parties"), through their respective undersigned counsel of record below, file this Agreed Motion to Modify Case Management and Scheduling Order to Continue Trial Date and Extend Pretrial Deadlines as follows:

### FACTUAL BACKGROUND

1. On October 15, 2019, the Court entered its Case Management and Scheduling Order ("Scheduling Order"), which established a trial date of April 5, 2021, and all pretrial deadlines for this case [ECF No. 31].

2. Following Plaintiff's filing of her Amended Complaint by leave of Court on December 9, 2019 (ECF No. 34), Defendants Experian, TU, and Verizon timely filed their

Case No.: 2:19-CV-00486-SPC-MRM

Answers to the Amended Complaint on December 23, 2019 and January 10, 2020, respectively. [ECF Nos. 35, 36, and 39].

3. On February 28, 2020, the Court granted Verizon's request to substitute its former counsel of record with its current counsel in the action. [ECF No. 43].

4. Pursuant to the Court's Scheduling Order, the parties have exchanged written discovery including interrogatories, requests for production, and requests for admission.

5. The Parties are currently coordinating a reasonable deposition schedule of the Parties in this case, and Plaintiff has also commenced discovery to third party witnesses by subpoenas for business records that are pertinent to the issues of this case.

6. The Parties have also been diligently engaged in discussions regarding the underlying facts of this case, as well as discussions regarding a potential informal resolution of this dispute.

7. Plaintiff has subpoenaed third party witnesses for business records, and the Parties anticipate that further discovery from third party witnesses may be necessary for this case.

8. Due to the COVID-19 pandemic, the Parties and counsel in different States have shifted to a new work from home environment and are still adjusting to certain limitations resulting from this shift, including logistical issues accessing and gathering documents and information responsive to written discovery;

9. Despite the Parties' best efforts to conduct and complete discovery, additional time is needed to obtain and review documents and information necessary to respond to written discovery, as well as to complete the depositions of both percipient and expert witnesses in this case involving claims of identity theft.

10. Accordingly, the Parties respectfully request a 60-day continuance of all current deadlines set forth in the Scheduling Order, including the trial date. The Parties believe the requested continuance will provide the time necessary to complete written

Case No.: 2:19-CV-00486-SPC-MRM

discovery and depositions for this matter and have the case ready for trial in an orderly manner.

11. The Parties have brought this Agreed Motion well in advance of trial, as well as the current deadline for completion of discovery.

12. This is the first request for any amendment of the Scheduling Order by any of the Parties in this matter, and is made in good faith and not for purposes of delay.

13. Accordingly, the parties request that the Scheduling Order be modified, as set forth below:

| **Matter** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Disclosure of Expert Reports | | |
| Plaintiff: | September 8, 2020 | November 7, 2020 |
| Defendant: | October 5, 2020 | December 4, 2020 |
| Discovery Deadline | November 5, 2020 | January 4, 2021 |
| Mediation         Deadline: | November 19, 2020 | January 18, 2021 |
| Mediator: | James R. Betts | |
| Address: | 710 S. Blvd. Tampa, FL 33606 | |
| Telephone: | (813) 254-3302 | |
| *If no mediator is designated above, the parties must file a stipulation selecting a mediator within fourteen (14) days of the date of this Order | | |
| Dispositive Motions, Daubert Motions, and Markman Motions | December 8, 2020 | February 6, 2021 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | February 26, 2021 | April 27, 2021 |
| Joint Final Pretrial Statement (including, as applicable, joint-proposed jury instructions and verdict form, case-specific *voir dire* questions, witness lists, and exhibit lists, all of which must also be emailed in Microsoft Word® format to Judge Chappell's inbox) | March 12, 2021 | May 11, 2021 |

3

Case No.: 2:19-CV-00486-SPC-MRM

| Matter | Current Deadline | Proposed Deadline |
|---|---|---|
| All Other Motions (including motions *in limine*) and Trial Briefs (non-jury trials) | March 12, 2021 | May 11, 2021 |
| Final Pretrial Conference    Date:<br>Time:<br>Judge: | March 26, 2021<br>9:30 AM<br>Sheri Polster Chappell | May 25, 2021 |
| Trial Term Begins<br><br>Note: Trials before a Magistrate Judge begin on a date certain. | April 5, 2021 | June 4, 2021 |
| Estimated Length of Trial | 1-2 Days | |
| Jury/Non Jury | Jury | |

## MEMORANDUM OF LAW

Modification of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) is permitted "for good cause and with the judge's consent." The Eleventh Circuit Court of Appeals has acknowledged and upheld the "authority of the district court to control the pace of litigation before it," and "the broad discretion [that] district courts have in managing their cases." *Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002), citing *Johnson v. Bd. Of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling").

Where the parties, like the litigants here, have diligently acted in compliance with the district court's scheduling order, but for reasons other than their own negligence are not reasonably able to comply with the court's future deadlines, the court should exercise its discretion and modify its scheduling order. See *Diaz v. Burchette*, 585 Fed.Appx. 968, 969 (11th Cir. 2014) (Good cause may be found where "deadlines cannot 'be met despite the diligence of the party seeking the extension. [citation omitted]."). Moreover here, the Parties' joint request to extend deadlines in order to complete a mutual exchange of substantial discovery among multiple parties (and third parties), and to further accommodate the unavoidable delays occasioned by the COVID-19

4

pandemic serves "[t]he overall purpose of discovery under the Federal Rules," which ultimately "is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result" in this case." *Aviation Advisors Int'l, Inc. v. Transamerica Investment Group, Inc.*, 2010 WL 11507331 at *2 (M.D.Fla. 2010).

    This Agreed Motion clearly supports good cause for granting the Parties' request for a brief continuance of the trial date and pretrial deadlines, particularly given that the need for enlargement of time is in large part due to the work-from-home adjustments for nearly 3 months resulting from the Covid-19 pandemic, which has in turn exacerbated the Parties' need for additional time for completion of fact and expert discovery. The additional time will also further the Parties' ability to explore meaningful opportunities for informal resolution of the dispute. The Parties have diligently brought this Agreed Motion upon their knowledge of the need for this additional time, and well in advance of the current deadline for completion of discovery. Furthermore, the Agreed Motion is the first request by any Party for an amendment of the Scheduling Order entered in this case.

    WHEREFORE, the Parties respectfully request that this Court grant this Agreed Motion and modify the Scheduling Order so that the trial date, and all remaining pretrial deadlines relating thereto, are extended by a period of at least 60 days as reflected in the above table, subject to the Court's availability.

    Respectfully submitted,

Date: June 12, 2020        By:   /s/ Joshua Kersey
                                                Octavio Gomez, Esq.
                                               Joshua Kersey, Esq.
                                             Attorneys for Plaintiff Hilermise Enock

Case No.: 2:19-CV-00486-SPC-MRM

Date: June 12, 2020          By:     /s/ Kenneth A. Ohashi
                                     Kenneth A. Ohashi, Esq.
                                     Attorney for Defendant
                                     Verizon Wireless Personal Communications LP

Date: June 12, 2020          By:     /s/ Rebecca M. Nocharli
                                     Rebecca M. Nocharli, Esq.
                                     Christina Mastrucci, Esq.
                                     Attorneys for Defendant
                                     Experian Information Solutions, Inc.

Date: June 12, 2020          By:     /s/ Amy L. Judkins
                                     Amy L. Judkins, Esq.
                                     Attorneys for Defendant
                                     Trans Union LLC

Case No.: 2:19-CV-00486-SPC-MRM

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2020, the foregoing document was delivered by method indicated to those counsel listed on the attached service list.

/s/ Kenneth A. Ohashi
Kenneth A. Ohashi (Cal. Bar No. 230440)
*admitted pro hac vice on April 15, 2020*

Case No.: 2:19-CV-00486-SPC-MRM

## SERVICE LIST

**Octavio Gomez, Esq.**
tgomez@forthepeople.com
**Joshua Kersey, Esq.**
jkersey@forthepeople.com
MORGAN & MORGAN, TAMPA, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
*Counsel for Plaintiff*

[Via CM/ECF]

**Rebecca M. Nocharli, Esq.**
**Christina T. Mastrucci, Esq.**
rnocharli@jonesday.com
cmastrucci@jonesday.com
JONES DAY
1420 Peachtree Street N.E., Suite 800
Atlanta, GA. 30309-3053
*Counsel for Experian Information Solutions, Inc.*

[Via CM/ECF]

**Amy L. Judkins, Esq.**
ajudkins@deanmead.com
DEAN, MEAD, EGERTON, BLOODWORTH,
CAPOUANO & BOZARTH, P.A.

*Counsel for Trans Union LLC*

[Via CM/ECF]

**Armando Rubio, Esq.**
FIELDS HOWELL LLP
9155 So. Dadeland Blvd.
Suite 1012
Miami, FL 33156
Tel:  (786) 870-5600
*Co-counsel for Verizon Wireless Personal Communications LP d/b/a Verizon Wireless*